# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER DELANEY WILLIAMS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 14CV1609 HEA |
| **TRUE MANUFACTURING,** | ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 23]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

Plaintiff filed suit against his former employer alleging that he was discriminated against based on his sex by assigning the most physically and mentally challenging tasks exclusively to male employees. Plaintiff also claims discrimination based on sex with respect to promotions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. §§ 213.010, et seq. Defendant moves to dismiss Plaintiff's discrimination claims as they have not been administratively exhausted.

## Facts and Background

Plaintiff's Amended Complaint alleges the following:

Plaintiff was employed by Defendant for 17 years as a general laborer. He resigned as employee of Defendant on June 16, 2014. According to Plaintiff, Defendant would routinely assign the most physically and mentally demanding tasks to male employees. Defendant refused to promote Plaintiff despite his knowledge and would promote individuals less knowledgeable and often females. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue letter from the EEOC.

Plaintiff alleges that Defendant's treatment of him constituted unlawful employment practices in violation of 42 U.S.C. 2000e *et seq*. (Count I) and Section 213.055 R.S.Mo. (Count II).

In its motion to dismiss, Defendant argues that Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendant urges dismissal of Plaintiff's failure to promote and constructive discharge claims because Plaintiff has failed to exhaust his administrative aspects

under both the MHRA and Title VII, by failing to include these claims in his charges of discrimination with the MCHR and EEOC.

With respect to his allegations in Counts II, Plaintiff argues that his complaint is adequate. Plaintiff does not respond to Defendant's arguments regarding Count I, Title VII, rather, he focuses solely on his Missouri MHRA claim

## Discussion

**Motion to Dismiss Standard**

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993); *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990). In a facial challenge to jurisdiction, the court affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. *See Osborn,* 918 F.2d at 729 n. 6. In both types of motions, the court presumes that all of the factual allegations in the complaint are true and will not dismiss the claims unless the plaintiff fails to allege an essential element to establish subject matter jurisdiction or fails to state a claim for relief that is "plausible" on its face. *See Titus,* 4 F.3d at 593 (discussing 12(b)(1) standard); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (discussing 12(b)(6) standard).

When considering a motion regarding the sufficiency of the pleadings, such as this one, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 802 (8th Cir.2002) (finding that motion for judgment on the pleadings was not converted to summary judgment by attachment of a copy of the EEOC charge, which was part of public record). As Plaintiff specifically referenced the written complaint of discrimination he filed with the MCHR and the EEOC in his compliant in this Court, and both parties have cited to and attached Plaintiff's administrative charges and right-to-sue notices, the Court will consider these materials in resolving the motion to dismiss.

**Title VII Failure to Promote and Constructive Discharge Claims (Count I)**

A plaintiff alleging discrimination under Title VII must exhaust administrative remedies before filing in federal court. *Wilkie v. Dep't of Health & Human Servs.,* 638 F.3d 944, 949 (8th Cir.2011). Exhaustion of administrative remedies under Title VII requires a claimant to give notice of all claims of discrimination in the initial administrative charge. *Stuart v. General Motors Corp.,* 217 F.3d 621, 630–31 (8th Cir.2000); *see also Swierkiewicz v. Sorema N.A.,* 534

U.S. 506, 513–15 (2002) (holding that to state claim under Title VII, a plaintiff must provide fair notice of the claim and the grounds upon which it rests).

While the Eighth Circuit has stated that a subsequently filed lawsuit need not mirror the administrative charges, the complaint can only sweep as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed. *Wedow v. City of Kansas City, Mo.,* 442 F.3d 661, 674 (8th Cir.2006); *see also, Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 886–87 (8th Cir.1998) ("In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge."); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir.1994) ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC."). Although the charge "need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court," it must "be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Fair v.*

*Norris,* 480 F.3d 865, 867 (8th Cir. 2007); *Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1123 (8th Cir. 2006). *See also Bissada v. Arkansas Children's Hosp.,* 639 F.3d 825, 830 (8th Cir. 2011) ("The exhaustion requirement may be satisfied if the civil claim grows out of or is like or reasonably related to the substance of the allegations in the administrative charge, but the civil suit can be only as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination," *quoting Fanning v. Potter,* 614 F.3d 845, 851–52 (8th Cir. 2010)). The information contained in an EEOC charge must be sufficient to put the employer on notice of the subject matter of the charge and identify the basis for the employee's claim. *See Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1123 (8th Cir. 2006) (*abrogated on other grounds*).

To determine whether the allegations of a complaint are reasonably related to claims of discrimination in an administrative charge, courts customarily look to the substance of the administrative charge. Plaintiff's Charge of Discrimination provided:

> . . . As today's date female employees with the same job title, receiving the same pay are not required to perform the aforementioned tasks. The Respondent has consistently assigned work on the basis of gender. Male employees are required to perform all of the physically de manding tasks. I have complained to my direct Supervisor . . . and Assistant Supervisor . . . about the discriminatory terms & conditions and assignment of work with no result. I complained to HR but they simply denied the facts without any investigation . . .

> All male employees of the Respondent working as Factory Labor to include myself have been discriminated against on the basis of gender in violation of Title VII of the Civil Rights Act of 1964 as amended.

Here, Plaintiff's sex discrimination in the work place would not give Defendant notice that he is also complaining that he was not promoted nor that he found these conditions so egregious that he could no longer work in this environment and was therefore constructively discharged. The claims of failure to promote and constructive discharge are not reasonably related to Plaintiff's claim that males were given more physically and mentally difficult tasks.

In sum, considering the specific facts of this case, the Court concludes that the absence of an explicit reference to the failure to promote and constructive discharge have failed to be brought in Plaintiff's EEOC charge, and must therefore be dismissed for failure to exhaust administrative remedies prior to bringing suit.

**Discriminatory Job Assignments**

Plaintiff complains that "male employees" were assigned more physically and mentally challenging assignments. This claim, however, fails to set out the requirement of an adverse employment disadvantage. An adverse employment action is "'a tangible change in working conditions that produces a material employment disadvantage.'" *Wedow,* 442 F.3d at 671) (quoting *Sallis v. Univ. of Minn.,* 408 F.3d 470, 476 (8th Cir.2005)); *accord Holland,* 487 F.3d 641, 644–45, 2007 WL 1518481, at *2; *Higgins,* 481 F.3d at 584; *Reynolds v. Ethicon–Endo–*

*Surgery, Inc.,* 454 F.3d 868, 872 (8th Cir.2006); *Cruzan v. Special Sch. Dist. # 1,* 294 F.3d 981, 984 (8th Cir.2002); *Cooney v. Union P. R.R. Co.,* 258 F.3d 731, 734 (8th Cir.2001); *Spears v. Mo. Dep't of Corrs. & Human Res.,* 210 F.3d 850, 853 (8th Cir.2000); *see also Enowmbitang v. Seagate Tech., Inc.,* 148 F.3d 970, 973 (8th Cir.1998) (requiring conduct to "materially alter[ ] the terms or conditions of the plaintiff's employment" to constitute an adverse employment action); *Ledergerber v. Stangler,* 122 F.3d 1142, 1144–45 (8th Cir.1997) (same). Some employment actions, such as " 'changes in the terms, duties, or working conditions that cause no materially significant disadvantage to the employee ... or disappointment with changes in one's employment situation,' " are simply not adverse. *Saulsberry v. St. Mary's Univ. of Minn.,* 318 F.3d 862, 868 (8th Cir.2003) (quoting *Sowell v. Alumina Ceramics, Inc.,* 251 F.3d 678, 684 (8th Cir.2001)); *see also Higgins,* 481 F.3d at 584 ("Minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage do not satisfy this prong."). Even if an employee is forced to change positions, resulting in an " 'alteration of job responsibilities,' " the employee must still show a significant change in employment status. *Box v. Principi,* 442 F.3d 692, 696 (8th Cir.2006) (quoting *Wenzel v. Missouri–American Water Co.,* 404 F.3d 1038, 1042 (8th Cir.2005)); *see Ledbetter v. Alltel Corporate Servs., Inc.,* 437 F.3d 717, 724 (8th Cir.2006) (adverse employment actions "include[ ] decisions

such as failing to promote, or reassigning an employee to a position with significantly different responsibilities"). In contrast, examples of material employment disadvantages include " ' "[t]ermination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects." ' " *Okruhlik v. Univ. of Ark.,* 395 F.3d 872, 879 (8th Cir.2005) (quoting *Duncan v. Delta Consol. Indus.,* 371 F.3d 1020, 1026 (8th Cir.2004), in turn quoting *Spears,* 210 F.3d at 853); *accord Box*, 442 F.3d at 696; *Sallis*, 408 F.3d at 476; *Cooney,* 258 F.3d at 734; *LaCroix,* 240 F.3d at 691; *Spears,* 210 F.3d at 853; *Kerns v. Capital Graphics, Inc.,* 178 F.3d 1011, 1016–17 (8th Cir.1999). A " '[m]ere inconvenience without any decrease in title, salary, or benefits' or that results in minor changes in working conditions does not meet this standard." *Wedow,* 442 F.3d at 671 (quoting *Sallis*, 408 F.3d at 476); *accord Cruzan,* 294 F.3d at 984; *see also Powell v. Yellow Book USA, Inc.,* 445 F.3d 1074, 1079 (8th Cir.2006) (noting that "[n]ot every setback amounts to an adverse employment action: instead, an action must give rise to 'a material employment disadvantage' that reflects a 'tangible change in duties or working conditions' ") (quoting *Baucom v. Holiday Cos.,* 428 F.3d 764, 767 (8th Cir.2005)). Plaintiff simply doe s not state any averse employment action, rather, he merely states that the male employees are given more physically and mentally difficult job assignments. This alone does not

satisfy the adverse employment requirement for stating a cause of action for discrimination based on sex.

**Missouri Human Rights Claim**

In order to exhaust administrative remedies under the MHRA,

> a claimant must give notice of all claims of discrimination in the administrative complaint. *Alhalabi v. Missouri Dep't of Natural Resources,* 300 S.W.3d 518, 525 (Mo.App.E.D.2009). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id.* "As a result, administrative remedies are deemed exhausted as to all incidents of discrimination that are likely or reasonably related to the allegations of the administrative charge." *Id.* "Further, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Id.*

*Farrow v. Saint Francis Medical Center*, 407 S.W.3d 579, 594 (Mo. 2013). This standard is the same as that required under Title VII, and as discussed, *supra*, Plaintiff's Amended Complaint fails to set forth that he exhausted his administrative procedures with respect to his failure to promote and his constructive discharge claims. As such, Count II must be dismissed with regard to these claims.

Moreover, Plaintiff contends that the pleading standards of Missouri apply herein. Because Plaintiff has filed this action in this Court, the Federal Rules of Civil Procedure apply. *See Karnatcheva v. JPMorgan Chase Bank, N.A.,* 704 F.3d 545, 548 (8th Cir. 2013) (federal district court applies federal pleading standards to

state substantive law to determine if a complaint makes out a claim under state law). Plaintiff's discrimination claim in Count II fails for the reasons that Count I failed; Plaintiff fails to allege any adverse employment actions in his Amended Complaint.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 23], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 28th day of July, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE